UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael Theodore Quinlin, | ) Civil Action No. 0:13-1502-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CarringtonMortgage Services, LLC; Wilmington Savings Fund Society FSB, on behalf of Christina Trust *Stanwich Series Mortgage Loan Trust Series* 2012-12; John Doe, Inclusive, | ) **OPINION AND ORDER** |
| | ) |
| Defendants. | ) |

Michael Theodore Quinlin, ("Plaintiff") pro se, brings this action under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; the Gramm-Leach-Bliley Act ("GLBA"),15 U.S.C. §§ 6801 et seq.; and 18 U.S.C. § 1341 against the named defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation. On September 11, 2013, Defendants Carrington Mortgage Services, LLC ("CMS") and Wilmington Saving Fund Society FSB ("WSFS") filed a motion for motion to dismiss (ECF No. 27.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was apprised of his right and obligation to respond to the motion to dismiss. (ECF No. 27.) Plaintiff filed his opposition on October 17, 2013. (ECF No. 38.)

The Magistrate Judge assigned to this action issued a thorough Report and Recommendation on June 16, 2014 recommending that Defendants CMS and WSFS' motion to dismiss be granted and that this case be dismissed. (ECF No. 46.) The Magistrate Judge also recommended that Defendant

John Doe be dismissed as it appears that he has never been identified or served with process. *See* Federal Rule of Civil Procedure 4(m). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 46 at 19.) Plaintiff filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. It is therefore ORDERED that Defendants CMS and WSFS' motion to dismiss (ECF No. 27) is GRANTED and this case is dismissed as to these Defendants. Further, Defendant John Doe is dismissed from this action without prejudice.

IT IS SO ORDERED.

s/Mary G. Lewis

-3-

                                  United States District Judge

July 14, 2014  
Spartanburg, South Carolina